# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2026

Lyle W. Cayce
Clerk

Summary Calendar
No. 25-11092

STEVEN D. MAGEE,

*Plaintiff—Appellant*,

*versus*

VARSITY BRANDS HOLDING COMPANY, INCORPORATED; ADAM
BLUMENFELD; JERRY GARCIA,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-833

_____

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Steven D. Magee, proceeding *pro se*, appeals the district court's dismissal of his civil action. On appeal, Magee contends that the district court erred in not piercing the corporate veil and in dismissing his breach-of-contract and trademark claims.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11092

Under Texas law, a party to an agreement generally may not pierce the corporate veil unless the party demonstrates that the entity was "used for the purpose of perpetrating and did perpetrate an actual fraud." Tex. Bus. Orgs. Code § 21.223(b); *see id.* § 21.224 (providing that § 21.223 preempts common law veil piercing). "[A] party may pierce an entity's corporate veil if it establishes that the entity's owner perpetrated an actual fraud for his direct personal benefit." *Thomas v. Hughes*, 27 F.4th 995, 1016 (5th Cir. 2022) (quotation marks and citation omitted).

Although *pro se* filings are afforded liberal construction, even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Magee argues that he offered substantial documentary evidence indicating that Varsity Brands Holding Company and BSN Sports, LLC, do not operate as separate entities. By failing, however, to address or identify any error in the district court's finding that his allegations of fraud were conclusory, Magee has abandoned any possible challenge to this finding. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We have been notified that the district court judge here recently recused herself from this case, well after issuing the final judgment now before us. Magee petitioned this court for a writ of mandamus "directing that, in the event the merits panel," meaning this panel, "reverses, vacates, or remands the underlying trial court judgment, this controversy be permanently removed from the United States District Court for the Northern District of Texas" because of the potential for conflicts of interest in that forum. Magee's mandamus petition is not before this panel. The petition urges that this court invoke its "supervisory powers under 28 U.S.C. § 2106 to direct the geographic assignment of the forum upon the conclusion of the merits appeal," which is this appeal. Magee expressly disclaims in that petition that the "mandamus panel intervene in or determine the substantive

legal merits of the underlying controversy." Indeed, Magee "fully expects and requests that the active merits appellate panel," meaning us, "adjudicate [this] appeal based strictly upon the current briefs and records already submitted." Magee's "[p]etition is directed solely and exclusively at the location of the trial forum upon the conclusion of [this] appeal" now before us. Our review of the district court docket reveals that Magee also has not challenged the judgment there, such as by filing a Rule 60(b)(4) motion.

Thus, the only relief Magee requests in connection with the district court judge's recusal is that if this court "reverses, vacates, or remands the underlying trial court judgment," this court remand to a district other than the Northern District of Texas. Because we do not reverse, vacate, or remand here, we need not consider the recusal further.

In light of the foregoing, the judgment of the district court is AFFIRMED. Magee's motions for remand and stay of appeal are DENIED.